Argued January 27; affirmed February 15, 1938

In re MITCHELL'S ESTATE

SMOCK *v.* RICHARDSON et al.

(76 P. (2d) 283)

In Banc.

*O. W. Eastham* and *John F. Conway*, both of Portland (J. P. Kavanaugh, R. M. Kavanaugh, and A. H. Burton, all of Portland, on the brief), for appellant.

*Charles A. Hart* and *Philip Chipman*, both of Portland (R. W. Hagood and Carey, Hart, Spencer & McCulloch, all of Portland, on the brief), for respondents.

PER CURIAM. This is a contest of the will of Lydia Elma Mitchell, who died in Portland, Oregon, July 5, 1935. By the terms of her last will and testament, dated January 16, 1933, practically her entire estate was devised and bequeathed, one-third to her half niece, Ida Richardson, and one-third each to Elma E. Rich-

ardson and Donald E. Richardson, described in the will as the "two twin children of said Ida and George Richardson." Contestant is a half sister of the testatrix.

The petition for the contest of the will alleged four grounds of contest: (1) Lack of testamentary capacity of the testatrix; (2) Undue influence; (3) Fraud and deceit practiced on testatrix; (4) That the will did not express the intent and purpose of the testatrix.

Upon a reading of 394 pages of typewritten testimony, which it would benefit no one to detail, and several exhibits, we find that the testimony on behalf of the contestant has failed to prove any of the alleged grounds of the contest. On the other hand, the testimony proved beyond a reasonable doubt that the will of Lydia Elma Mitchell, deceased, dated January 16, 1933, is the valid last will and testament of said testatrix, and that there is no merit to this appeal.

The lower court decreed that the will described and admitted to probate in that court was the last will and testament of Lydia Elma Mitchell, deceased, and as such was entitled to probate, and that the order entered on July 6, 1935, admitting said will to probate "be and it is hereby in all respects approved, validated and confirmed."

The decree of the lower court was right and should be affirmed. It is so ordered.